# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAXIM CRANE WORKS, LP**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 15-597 |
| | ) |
| **SMITH TRANSPORTATION SERVICES, INC.** *also known as* SMITH-CARGO TRANSPORTATION, LLC; **SENTRY SELECT INSURANCE CO.; AGCS MARINE INSURANCE CO.** | ) |
| | ) |
| Defendant. | |

## **OPINION**

The case arises out of a motor vehicle accident involving a truck operated by Smith Transportations Services, Inc. ("Smith") on behalf of Maxim Crane Works, L.P. ("Maxim Crane"), and a car driven by a third party, who was injured in the accident. (ECF No. 1.) Maxim Crane filed declaratory judgment claims against Smith and two of Smith's insurers, Sentry Select Insurance Company ("Sentry") and AGCS Marine Insurance Company ("AGCS"), seeking to enforce defense and indemnity obligations purportedly owed to it for claims arising out of this accident. (Id.) Maxim Crane also asserted two breach of contract claims against Smith based upon Smith's alleged failure to meet its indemnity obligations, or, alternatively, to secure adequate insurance pursuant to the terms of a written contract between those two parties. (Id.)

Maxim Crane settled its claims against Smith and Sentry, and these three parties filed a joint motion for dismissal of all claims, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 56.) AGCS refuses to consent to voluntary dismissal and "seeks its costs and attorneys [sic] fees incurred in defending against Maxim [Crane's] frivolous action." (ECF No. 61 at 3.) For the reasons set forth below, the joint motion to dismiss will be granted and this matter will be dismissed with prejudice and without any conditions, including an award of attorneys' fees and costs to AGCS.

I. **Procedural Background**

Maxim Crane filed its complaint in this action on May 7, 2015. (ECF No. 1.) Defendants Sentry and AGCS separately answered the complaint. (ECF Nos. 10, 20.) In its answer, Sentry asserted a four-count counterclaim against Maxim Crane. (ECF No. 10 at 11-18.) AGCS listed various affirmative defenses in its answer, but asserted no counterclaims against Maxim Crane. (ECF No. 20.) Defendant Smith filed a motion to dismiss (ECF No. 8), which was denied by the court in an opinion dated February 26, 2016. (1/20/2016 Minute Entry; ECF Nos. 37-38.) Smith answered the complaint and this case proceeded to fact discovery and mediation. (ECF Nos. 31-32, 34, 39.)

With the exception of a substitution and then addition of counsel appearing on behalf of AGCS, and filings relating to the scheduling of mediation, there was no activity on the docket until AGCS filed a motion for summary judgment on May 9, 2016, two weeks before the fact-discovery period was scheduled to end. (ECF Nos. 31, 47.) The record reflects that AGCS was aware that Maxim Crane, Smith, and Sentry had agreed to settle their claims before AGCS filed its motion for summary judgment. (ECF No. 61-2 at 100.) On May 10,

2

2016, the court-appointed neutral filed a notice with the court indicating that this matter had been resolved as a result of the mediation session held in April, and several follow-up telephone conferences. (ECF Nos. 39, 51.) The court immediately informed the parties that the scope of the reported settlement and the future scheduling of this case would be discussed at the post-discovery status conference, which had been previously scheduled for May 23, 2016. (5/10/2016 Remark.)

In advance of that conference, AGCS wrote a letter to the court, which it docketed as a status report. (ECF No. 53.) In that letter, counsel for AGCS informed the court that it "was not made aware of the arrangements for the initial mediation" and suggested that a second mediation session be scheduled to resolve the outstanding issues raised in its motion for summary judgment, particularly AGCS's "continued request for its attorneys [sic] fees." (ECF No. 53 at 1.) In response, counsel for Maxim Crane sent a responsive letter to the court by facsimile, a practice that is disfavored by this court. (5/23/2016 (10:45 a.m.) facsimile transmission; Chamber's Rules, Preliminary General Matters ¶ 1.) In its letter, which does not appear on the docket of this case, Maxim Crane stated that AGCS's request for attorneys' fees was "fatally flawed from a procedural, legal and factual standpoint" and insisted that further mediation was not warranted. At the post-discovery status conference, the court ordered further briefing with respect to whether the matters raised in AGCS's motion for summary judgment were moot given that Maxim Crane was no longer pursuing the declaratory judgment claim it asserted against AGCS in the complaint. (ECF No. 60 at 3-4, 10-12.) Two days later, Maxim Crane, Smith, and Sentry filed a joint motion for voluntary dismissal pursuant to Rule 41(a)(2) (the "Joint Motion"). (ECF No. 56.) AGCS thereafter withdrew its motion for

3

summary judgment, conceding that the motion was rendered moot when the other parties settled this case. (ECF No. 58 at 1.) In doing so, however, AGCS stated its intent to formally oppose the Joint Motion on the ground that any dismissal of this case must be conditioned upon reimbursement of AGCS's attorneys' fees and costs. (Id. at 2.)

In response to the Joint Motion, AGCS argues that it is entitled to reimbursement of the costs and fees incurred in defending against this action because Maxim Crane "acted in bad faith by bringing frivolous litigation and by refusing for months (necessitating the filing of an answer and otherwise defending against Maxim [Crane's] meritless claims) to dismiss AGCS with prejudice." (ECF No. 61 at 8.) According to AGCS, Maxim Crane abused the judicial process by naming AGCS, which issued an inland marine cargo policy to Smith that provided coverage only for property damage to Smith's vehicles and cargo, in a coverage action stemming from personal injury claims made by a third party who was injured in a motor vehicle accident. (Id. at 8-10.) AGCS characterizes Maxim Crane's explanation that it could not agree to dismiss AGCS with prejudice until it confirmed that Smith had not requested a different kind of insurance coverage from AGCS as a "sudden irrational rationale" that cannot justify Maxim Crane's conduct because the complaint did not include allegations that AGCS committed an underwriting error. (Id. at 9-10.)

## II. Legal Authority

Federal Rule of Civil Procedure 41 provides for the voluntary dismissal of an action without court order if the plaintiff files the notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or if all parties who have appeared sign the stipulation of dismissal. FED. R. CIV. P. 41(a)(1)(A). In all other circumstances, "an

4

action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). If a counterclaim was pled, that counterclaim must remain pending for independent adjudication if the defendant asserting it objects to dismissal. Id.

Whether to grant or deny a motion for voluntary dismissal under Rule 41(a)(2) falls within the sound discretion of the district court. Protocomm Corp. v. Novell, Inc., 171 F. Supp. 2d 459, 470-71 (E.D. Pa. 2001) (citing Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir. 1991), and Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974)). "The purpose of the grant of discretion under Rule 41(a)(2) ... is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Charles A. Wright & Arthur R. Miller, 9 FED. PRAC. & PROC. CIV. § 2364 nn.18-19 (3d ed. 2016) (collecting some of the "many, many cases" so holding). When considering dismissal under Rule 41(a)(2), "it becomes necessary to decide the presence or extent of any prejudice to the defendant." Ferguson, 492 F.2d at 29. The analysis is different depending upon whether the plaintiff seeks dismissal with or without prejudice.

Where the dismissal will be without prejudice, a district court must consider various factors such as: (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation thereof; and (5) the pendency of a dispositive motion by the nonmoving party in deciding the motion. Bezarez v. Pierce, 107 F. Supp. 3d 408, 415 (D. Del. 2015) (citing Schandelmeier v. Otis Div. of Baker–Material Handling Corp., 143 F.R.D. 102, 103 (W.D. Pa.

1992)); Dodge-Regupol, Inc. v. RB Rubber Products, Inc., 585 F.Supp.2d 645, 652 (M.D. Pa. 2008); Young v. Johnson & Johnson Corp., No. 05-2393, 2005 WL 2886218, at *2-3 (E.D. Pa. Nov. 2, 2005) (listing same factors, and adding whether the dismissal is designed to evade federal jurisdiction); Maleski v. DP Realty Trust, 162 F.R.D. 496, 498 (E.D. Pa. 1995) (same). A court may, and often will, condition a voluntary dismissal without prejudice upon payment of defendant's attorneys' fees and costs. Pittsburgh Jaycees v. United States Jaycees, 89 F.R.D. 454, 455 (W.D. Pa. 1981); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2366 nn.13-14 (3d ed.).

In contrast, where the dismissal will be with prejudice, courts typically attach no conditions to the dismissal, including an award of attorneys' fees and costs. Colombrito v. The Holy Spirit Ass'n, 764 F.2d 122, 133-35 (2d Cir. 1985); Arlington Indus., Inc. v. Bridgeport Fittings, Inc., No. 06-cv-1105, 2015 WL 1470710, at *4 (M.D. Pa. Mar. 31, 2015); Protocomm, 171 F.Supp.2d at 471 (citing decisions); John Evans Sons, Inc. v. Majik-Ironers, Inc., 95 F.R.D. 186, 191 (E.D. Pa. 1982); Selas Corp. of Am. v. Wilshire Oil Comp. of Tex., 57 F.R.D. 3, 7 (E.D. Pa. 1972) ("[t]here is some doubt whether it is ever proper to assess costs and attorney's fees in a dismissal with prejudice under Rule 41(a)(2)"). In fact, some courts find that if the dismissal will be with prejudice, the court lacks the power to order the payment of attorneys' fees and costs, barring exceptional circumstances. John Evans, 95 F.R.D. at 191 (citing decisions); In re Asbestos Products Liab. Litig. (No. VI), No. 09-mc-103, 2010 WL 2034636, at *9 (E.D. Pa. May 14, 2010); Wright & Miller, 9 FED. PRAC. & PROC. CIV. § 2366 nn. 16-20. Exceptional circumstances include an abuse of the judicial process or bad faith conduct. Asbestos Products, 2010 WL 2034636, at *9.

6

> As the Court of Appeals for the Second Circuit explained:
>
> The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award.

Colombrito, 764 F.2d at 134. An award of fees compensates a defendant for having incurred the expense of trial preparation without the benefit of a final determination of the controversy; that consideration, however, is not present where the dismissal is with prejudice. John Evans, 95 F.R.D. at 191.

### III.     Discussion

The Joint Motion seeks dismissal with prejudice of all claims pending in this case, including specifically the declaratory judgment claim asserted by Maxim Crane against AGCS. (ECF No. ¶ 6.) AGCS opposes the Joint Motion on the ground that Maxim Crane should be ordered to pay its attorneys' fees and costs as a condition of dismissal because that declaratory judgment claim was meritless. According to the legal authority set forth above, this court must find that exceptional circumstances exist in order to award fees and costs to AGCS under the circumstances of this case. John Evans, 95 F.R.D. at 191 (citing decisions); Asbestos Products, 2010 WL 2034636, at *9.

AGCS claims that exceptional circumstances exist because Maxim Crane knew before it filed suit that AGCS's insurance policy, an inland marine cargo policy, could not possibly provide coverage for a third party's personal injury claims, and refused to dismiss AGCS with prejudice after receiving a copy of the AGCS policy, which confirmed this fact.

7

(ECF No. 61 at 9.) In response, Maxim Crane argues that it offered to dismiss AGCS from this case, without prejudice, while Maxim Crane conducted discovery and evaluated whether AGCS could have liability to it, either under the policy or for failing to provide Smith with all coverages requested, but AGCS refused. (ECF No. 64.)

This case is not one in which exceptional circumstances warrant an award of attorneys' fees and costs to AGCS. AGCS's assertion that Maxim Crane acted in bad faith by filing a declaratory judgment claim against it is unconvincing. There is no dispute that AGCS was named as one of Smith's insurers on documents available to Maxim Crane before this lawsuit was filed. (ECF No. 61-2 at 77-78.) Although AGCS claims that Maxim Crane should have known, from the face of that document, that AGCS's policy would not provide coverage for claims arising out of the motor vehicle accident, it was not abusive, vexatious, or oppressive for Maxim Crane to seek coverage declarations for all insurers listed as having written automobile liability policies to Smith during the pertinent time period. Only after all pertinent policies were located, reviewed, and, if necessary, interpreted by the court, could Maxim Crane know definitively whether any AGCS policy provided coverage.

AGCS's contention that Maxim Crane acted in bad faith and abused the judicial process by continuing to pursue a coverage claim against it after receiving a copy of the AGCS policy is equally unpersuasive. As an initial matter, AGCS did not provide a copy of the policy at issue to Maxim Crane until four months after the complaint was served, three weeks after the policy was specifically requested by Maxim Crane's counsel, and ten days before the already-extended deadline for AGCS to respond to the complaint was set to pass. (ECF Nos. 64-1; 64-4 at 2; 64-5.) The documents attached to the parties' briefing on the Joint Motion

reflect that Maxim Crane, shortly after receiving a copy of the AGCS policy, suggested that proceedings between the two parties be stayed for 30 days to allow for settlement discussions between Smith and Maxim Crane to develop. (ECF Nos. 64-4 at 1-3; 64-5 at 1; 64-6 at 2-3; 61-2 at 82.) At this point in the litigation, AGCS's attorneys' fees and costs consisted of communicating with Maxim Crane's counsel, via telephone and email, several times over the course of six weeks, and preparing an answer, which included affirmative defenses but no counterclaims. (ECF No. 64-6 at 1-4.)

It is unclear whether AGCS agreed to that 30-day stay, but, in any event, the case appears to have remained dormant, at least between Maxim Crane and AGCS, until the court conducted the initial scheduling conference on January 20, 2016. (ECF No. 54; 1/20/2016 Minute Entry.) AGCS participated in that conference by telephone, but did not participate in the Rule 26(f) planning meeting held on January 4, 2016. (ECF No. 27.) Maxim Crane informed the court at the initial status conference that it had engaged in discussions with AGCS and was willing to dismiss AGCS, without prejudice to Maxim Crane's right to reassert claims against AGCS if any grounds to do so were revealed during fact discovery. (ECF No. 54 at 3-4.) Counsel for AGCS represented that he did not have authority to accept that offer, noted that AGCS had "incurred expenses" up to this point, and stated that he would work with Maxim Crane's counsel to arrive at a resolution of the matter. (Id. at 4.) The parties did not thereafter file any papers related to AGCS's dismissal.

This case proceeded to fact discovery and court-mandated mediation. During February and March 2016, counsel for AGCS and Maxim Crane exchanged various written communications in which AGCS made it clear that, by whatever means necessary, AGCS would seek and obtain reimbursement of the attorneys' fees and costs associated with its defense of this case. (ECF Nos. 64-7; 64-8 to -9; 61-2 at 85-87, 90, 93-94.) A mediation session was held on April 5, 2016, but AGCS did not participate, claiming in a letter to the court that it "was not made aware of" the scheduled mediation session; a claim that is explicitly contradicted by the docket. (ECF Nos. 39, 53.) AGCS, having remained a party to this litigation, was entitled to appear at the mediation and assert its purported right to recover the fees and costs incurred in defending this case. It elected not to do so. Instead, several days after being informed that Maxim Crane, Smith, and Sentry had settled their claims during the court-mandated mediation, AGCS filed an unsolicited motion for summary judgment. (ECF Nos. 47, 64-10; 61-2 at 100.) AGCS withdrew the motion for summary judgment, admitting that the matters raised therein were rendered moot by Maxim Crane's settlement and voluntary dismissal of this case. (ECF No. 58.)

There is no basis for the court to find that Maxim Crane acted in bad faith or abused the judicial process by refusing to dismiss AGCS, with prejudice, earlier in this case. The materials submitted to the court, and the docket of this case, indicate that there was nothing unusual, improper, or oppressive about Maxim Crane's pursuit of its claims against AGCS. It is not unusual for insurers to insist, from the outset, that coverage could not possibly be available under their policy, and for insureds (or in this case, third-party insureds) to advance arguments and theories, sometimes novel ones, in an effort to expand coverage to the

broadest extent possible. In this respect, the instant case was a routine declaratory judgment insurance coverage action.

At the same time, there is evidence that AGCS engaged in a course of conduct that increased its costs and expenses. The record reflects that Maxim Crane offered several options to AGCS to curtail its expenses while this case proceeded through settlement discussions and discovery, including a stay and dismissal without prejudice. (ECF No. 64-6 at 1-2; ECF No. 64-7.) AGCS refused any resolution except dismissal with prejudice, with a condition that AGCS be reimbursed for its attorneys' fees and costs. Although opportunities to assert its purported right to reimbursement were available to AGCS during the pendency of this litigation, such as filing a counterclaim or attending the Rule 26(f) planning meeting and the court-mandated mediation session, counsel for AGCS chose not to participate in this case. AGCS instead sent emails and letters to Maxim Crane's counsel threatening any manner of consequences if Maxim Crane refused to reimburse its fees and costs. (ECF No. 61-2 at 85-88, 90-91, 96-98, 103-04; ECF No. 64-6.) When those threats failed to produce results, AGCS filed a motion for summary judgment, which AGCS was required to withdraw because it was moot. (ECF Nos. 47-50; ECF No. 58.) When that motion failed to produce results, AGCS objected to the Joint Motion. (ECF No. 61.)

It would be illogical and counterproductive for this court to refuse to allow Maxim Crane, Sentry, and Smith, who settled their disputes during court-mandated mediation, to voluntarily dismiss this case unless AGCS, who elected not to participate in mediation, is paid its fees and costs. To the extent AGCS believed that this case could not be settled without payment of its fees and costs, AGCS could have availed itself of the opportunities presented

11

during this litigation to assert its right to these sums. AGCS did not do so. This course of events does not present exceptional circumstances in which Maxim Crane should be held responsible for the fees and costs incurred by AGCS in defending this action. An award of fees and costs to AGCS is not warranted as a condition of voluntary dismissal.

## IV. Conclusion

For the foregoing reasons, the Joint Motion is granted. This case will be dismissed, with prejudice. There being no exceptional circumstances demonstrated, the court will not condition dismissal upon the payment of AGCS's attorneys' fees and costs.

An appropriate order will be entered contemporaneously with this opinion.

Dated: July 22, 2016

BY THE COURT,

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief U.S. District Judge